UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EMMANUEL ADEWALE ADEYINKA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, NATIONAL BASKETBALL ASSOCIATION, DWIGHT HOWARD, LEBRON JAMES, LA LAKERS<br><br>        Defendants. | Case No. 3:22-cv-00905-AR<br><br>ORDER TO AMEND |

ARMISTEAD, Magistrate Judge:

Plaintiff Emmanuel Adewale Adeyinka, representing himself, brings a claim for "extortion" against defendants the City of Los Angeles, the National Basketball Association, Dwight Howard, Lebron James, and the LA Lakers. Adeyinka also filed an application to proceed *in forma pauperis*, which is pending. (ECF No. 1).

PAGE 1 – ORDER TO AMEND

As explained below, Adeyinka's complaint is deficient in several respects. For this action to proceed, Adeyinka must file an amended complaint correcting these deficiencies.

BACKGROUND

Adeyinka alleges a single claim against defendants for "extortion" and seeks five million dollars in damages for "pain and suffering." His complaint contains no factual allegations to support his proposed claim.

LEGAL STANDARD

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperi*s raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). The court construes the pleadings of self-represented plaintiffs liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)).

DISCUSSION

A.  *Sufficiency of Complaint*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court liberally construes the pleadings and accepts as true the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Adeyinka alleges a claim for "extortion" against defendants, but he offers no factual allegations from which the court may reasonably infer that defendants engaged in any form of misconduct. Moreover, Adeyinka purports to bring this extortion claim under the Fifteenth Amendment of the United States Constitution. That amendment—which provides that "[t]he right of citizens of the United States to vote shall not be denied or abridges by the United States or by any state on account of race, color, or previous condition of servitude"—does not sustain an extortion claim in this context. U.S. Const. amend. XV, § 1. Accordingly, Adeyinka's complaint is insufficient and must be amended.

//

//

PAGE 3 – ORDER TO AMEND

B.   *Lack of Personal Jurisdiction*

Personal jurisdiction refers to the court's power to render a judgment that will be enforceable against a defendant. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 609-10 (1990). Whether this court has personal jurisdiction over a defendant is determined by looking to the law of the forum state. *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1246 (9th Cir. 1984); *see* FED. R. CIV. P. 4(k)(1)(A). Under Oregon's "long-arm" statute, a court in this state may exercise personal jurisdiction over an out-of-state defendant in specific fact situations, or when the exercise of jurisdiction over the defendant is not inconsistent with the Due Process Clause of the Constitution of the United States. *See* OR. R. CIV. P. 4(L). To safeguard standards of "fair play and substantial justice," the Due Process Clause requires an out-of-state defendant to have at least "minimum contacts" with the forum state before a court may exercise personal jurisdiction over that defendant. *Hunt*, 728 F.2d at 1246 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Ninth Circuit has adopted a three-part test to determine when a defendant has established minimum contacts with the forum state:

> (1) The nonresident defendant must "purposefully direct" [its] activities toward the forum state or consummate some transaction with the forum by which [it] purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

PAGE 4 – ORDER TO AMEND

Adeyinka has alleged no facts which would support the exercise of personal jurisdiction over defendants. To avoid dismissal, Adeyinka must address this deficiency in his amended complaint.

## CONCLUSION

Based on the foregoing, Adeyinka is ordered to file an AMENDED COMPLAINT that cures the deficiencies identified above within 30 days of the date of this ORDER. Failure to do so may result in dismissal of this action. The court DEFERS ruling on Adeyinka's application for IFP status.

DATED June 27, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge

PAGE 5 – ORDER TO AMEND